## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR** |
| INFINITY PHARMACEUTICALS, INC., SAMUEL AGRESTA, DAVID BEIER, ANTHONY EVNIN, RICHARD GAYNOR, SUJAY KANGO, ADELENE PERKINS, NORMAN SELBY, and BRIAN SCHWARTZ, | ) **VIOLATIONS OF THE FEDERAL SECURITIES LAWS** ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Infinity Pharmaceuticals, Inc. ("Infinity" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by MEI Pharma, Inc. ("MEI Pharma").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On February 22, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with MEI Pharma and MEI Pharma's wholly owned subsidiary, Meadow Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that Company stockholders will receive 0.052245 shares of MEI common stock for each share of Infinity common stock they own. Upon completion of the Proposed Transaction, MEI stockholders are expected to own approximately 58.0% of the combined company and Infinity stockholders are expected to own approximately 42.0% of the combined company.

3. The Company's corporate directors subsequently authorized the June 6, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for July 14, 2023.

defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Infinity common stock.

10. Defendant Infinity is a Delaware corporation with its principal executive offices located at 1100 Massachusetts Avenue, Floor 4, Cambridge, Massachusetts 02138. Infinity's shares trade on the Nasdaq Global Select Market under the ticker symbol "INFI." Infinity is a clinical-stage innovative biopharmaceutical company dedicated to developing novel medicines for people with cancer. Infinity combines proven scientific expertise with a passion for developing novel small molecule drugs that target disease pathways for potential applications in oncology. The Company is focused on advancing eganelisib, also known as IPI-549, an

orally administered, clinical-stage, immuno-oncology product candidate that reprograms macrophages through selective inhibition of the enzyme phosphoinositide-3-kinase-gamma.

11. Defendant Samuel Agresta has been a director of the Company at all relevant times.

12. Defendant David Beier has been a director of the Company at all relevant times.

13. Defendant Anthony Evnin has been a director of the Company at all relevant times.

14. Defendant Richard Gaynor has been a director of the Company at all relevant times.

15. Defendant Sujay Kango ("Kango") has been a director of the Company at all relevant times. Defendant Kango is also a member of the MEI Pharma board of directors.

16. Defendant Adelene Perkins has been Chair of the Board and Chief Executive Officer of the Company at all relevant times.

17. Defendant Norman Selby has been a director of the Company at all relevant times.

18. Defendant Brian Schwartz has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On February 23, 2023, the Company and MEI Pharma jointly announced in relevant part:

4

SAN DIEGO, CA. & CAMBRIDGE, Mass.--(BUSINESS WIRE)--MEI Pharma, Inc. (Nasdaq: MEIP) ("MEI"), a clinical-stage pharmaceutical company focused on advancing new therapies for cancer, and Infinity Pharmaceuticals, Inc. (Nasdaq: INFI) ("Infinity"), a clinical-stage biotechnology company developing eganelisib, a first-in-class, oral, immuno-oncology macrophage reprogramming drug candidate, announced today that the companies entered into a definitive merger agreement for an all-stock transaction forming a company combining the expertise and resources of MEI and Infinity to advance a robust pipeline of three clinical-stage oncology drug candidates. All three clinical-stage development programs have the potential, in combination with current therapies, to overcome known resistance mechanisms and meaningfully improve patient outcomes.

The combined company's clinical-stage oncology development pipeline consists of three differentiated programs:

- Eganelisib, an oral immuno-oncology macrophage reprogramming product candidate, which is planned to be evaluated in combination with the PD-1 targeted checkpoint inhibitor pembrolizumab (KEYTRUDA®) in patients with head and neck squamous cell carcinoma (HNSCC);

- Voruciclib, an oral CDK9 inhibitor, currently being studied in combination with venetoclax (VENCLEXTA®) in patients with hematologic malignancies; and

- ME-344, a novel tumor selective mitochondrial inhibitor targeting the OXPHOS pathway, to be evaluated in combination with bevacizumab (AVASTIN®) in patients with relapsed colorectal cancer.

"We are very excited to enter into this agreement with Infinity given the strength of a combined organization that builds on each company's potential. The combined organization will have three differentiated clinical-stage oncology assets, expected funding into mid-2025 to reach clinical data in all three programs, and a team with extensive oncology clinical development expertise. I believe these ingredients place the merged organization in a strong position to create value for all our stakeholders," said Daniel Gold, Ph.D., President and Chief Executive Officer of MEI Pharma. "The new company's lead program, eganelisib, has already been tested in over 350 patients with demonstrated clinical activity in multiple settings, including in combination therapy with immune checkpoint inhibitors. Along with voruciclib and ME 344, this gives us three promising clinical-stage programs that we believe have significant potential to deliver improved therapeutic options for patients."

"With this planned merger, we are creating a company that is well capitalized to advance a differentiated clinical-stage therapeutic development pipeline

5

leveraging an experienced drug development and leadership team," said Adelene Perkins, Chief Executive Officer and Chair of Infinity. "With data supporting multiple potential development paths for eganelisib, we have prioritized head and neck cancer based on our ability to leverage encouraging progression free survival data from this patient population in MARIO-1. Unfortunately, head and neck cancer remains an area of high unmet medical need with a relatively short PFS and overall survival in patients treated with checkpoint inhibitor monotherapy. Because of this, we prioritized the initiation of a randomized, controlled Phase 2 clinical study combining eganelisib with pembrolizumab in head and neck cancer patients which is intended to demonstrate improved clinical benefit."

"I am looking forward to leading the combined company which, beyond the promising clinical-stage pipeline, leverages the capabilities and resources of two organizations sharing a commitment to developing new oncology therapeutics. The combined company is built around extensive small molecule development experience based on solid science and backed by promising data," said David Urso, J.D., Chief Operating Officer and General Counsel of MEI Pharma, and the Chief Executive Officer of the combined company upon closing of the merger. "At closing, the combined company is projected to have a strong balance sheet of approximately $100 million which is expected to fund planned studies for our clinical candidates through mid-2025 with the potential to deliver near and long-term value for patients and shareholders."

**About the Combined Clinical Pipeline Drug Candidates**

The combined company's pipeline includes three differentiated, clinical-stage, small molecule oncology therapeutic candidates:

- Eganelisib: A potential first-in-class, oral, once-daily, immuno-oncology development candidate that selectively inhibits phosphoinositide-3-kinase gamma. Eganelisib has demonstrated encouraging clinical results and tolerability across a broad range of solid tumors in over 350 patients, including head and neck squamous cell carcinoma (HNSCC), metastatic triple-negative breast cancer (mTNBC), as well as urothelial, ovarian and melanoma cancers. The combined company plans to initiate in Q3 2023, subject to U.S. Food and Drug Administration review, a global, randomized, controlled Phase 2 clinical trial of eganelisib plus pembrolizumab vs pembrolizumab for the potential treatment of first line relapsed/metastatic head and neck squamous cell carcinoma. The primary endpoint of the Phase 2 study will be overall survival. In the second half of 2024 we plan to have initial data on safety and progression free survival.

- Voruciclib: An orally administered Cyclin-Dependent Kinase 9 (CDK9) inhibitor being clinically investigated for hematological malignancies.

> CDK9 has important functions in cell cycle regulation, including the modulation of two therapeutic targets in cancer: myeloid leukemia cell differentiation protein (MCL1) and the MYC proto-oncogene protein, which regulate cell proliferation and growth. Voruciclib is currently being evaluated in a Phase 1b trial exploring dose and schedule in patients with acute myeloid leukemia (AML) and B-cell malignancies as a single-agent and in combination with venetoclax. The ongoing Phase 1b trial is expected to report initial results from the combination regimen around the end of 2023.
>
> - ME-344: A novel, parenteral, tumor selective mitochondrial inhibitor drug candidate targeting the OXPHOS pathway involved in the production of adenosine. Clinical investigation of ME-344 is focused on use in combination with the VEGF inhibitor bevacizumab (Avastin®). Data reported from an investigator-initiated, multi-center, randomized study of ME-344 in combination with the VEGF inhibitor bevacizumab (Avastin®) demonstrated biologic activity supporting further clinical investigation. Initiation of a Phase 1b trial is planned to evaluate ME-344 plus bevacizumab in patients with relapsed colorectal cancer in the first half of 2023. Data from the Phase 1b trial to support opening enrollment in an expansion cohort are expected to be reported around the end of 2023.

**About the Proposed Merger**

Under the terms of the merger agreement, Infinity will become a wholly owned subsidiary of MEI Pharma. Pursuant to an exchange ratio set forth in the merger agreement, the pre-merger MEI Pharma shareholders are expected to own approximately 58.0% and pre-merger Infinity shareholders are expected to own approximately 42.0% of the outstanding equity of the combined company immediately following the merger.

Subject to shareholder approval and the subsequent closing of the merger, the combined company is expected to be renamed and trade on the Nasdaq Stock Market. The combined company would be headquartered in San Diego, California and led by a team with extensive industry and oncology drug development expertise, including David Urso, Chief Executive Officer, Robert Ilaria, Jr., M.D., Chief Medical Officer, and Stéphane Peluso, Ph.D., Chief Scientific Officer. Daniel Gold, Ph.D., and Adelene Perkins, the current chief executive officers of MEI and Infinity, respectively, would serve on the Board of Directors of the combined company. The Board of Directors is expected to be composed of eight members, consisting of Mr. Norman C. Selby, currently Infinity's Lead Independent Director, who will Chair the Board, Mr. Urso, Dr. Gold, Ms. Perkins, two additional members designated by MEI Pharma, one additional member designated by Infinity and one member mutually agreed upon by MEI Pharma and Infinity.

The merger agreement has been approved by the Boards of Directors of both companies. The merger is expected to close in mid-2023, subject to approvals by MEI Pharma and Infinity shareholders, respectively, and other customary closing conditions.

Aquilo Capital, LLC is serving as financial advisor to MEI Pharma, and Morgan, Lewis & Bockius LLP is serving as legal counsel to MEI Pharma. Aquilo Partners, L.P. is serving as financial advisor to Infinity, and WilmerHale is serving as legal counsel to Infinity.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on June 6, 2023  The Proxy Statement, which recommends that Infinity stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Infinity's and MEI's financial forecasts; and (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Aquilo Partners ("Aquilo").

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company and MEI Pharma*

22. The Proxy Statement fails to disclose material information concerning the financial projections for Infinity and MEI Pharma.

23. For example, with respect to Company management's "Infinity Unadjusted Management Forecast" and "Infinity Probability-Adjusted Management Forecast," the Proxy Statement fails to disclose the line items underlying the calculation of: (a) EBIT; and (b) Unlevered Free Cash Flows.

24. With respect to MEI Pharma management's projections for MEI Pharma relied upon by the Board and Aquilo, the Proxy Statement fails to disclose MEI Pharma's unlevered

free cash flows utilized by Aquilo in connection with its *MEI Discounted Cash Flow (DCF) Analysis* (or MEI Pharma's free cash flows, to the extent utilized) over the projection period and the underlying line items.

*Material Misrepresentations and/or Omissions Concerning Aquilo's Financial Analyses*

25. The Proxy Statement fails to disclose material information concerning Aquilo's financial analyses

26. With respect to Aquilo's *Infinity Discounted Cash Flow (DCF) Analysis*, the Proxy Statement fails to disclose: (a) the probability of success adjustment applied by Aquilo and the underlying assumptions; and (b) the inputs and assumptions underlying the discount rates ranging from 10% to 14% and 30% to 35%.

27. With respect to Aquilo's *MEI Discounted Cash Flow (DCF) Analysis*, the Proxy Statement fails to disclose: (a) the probability-adjusted unlevered free cash flows over the projection period (or probability-adjusted free cash flows, as applicable); (b) the probability of success adjustments applied and the underlying assumptions; (c) the various operating assumptions made by MEI Pharma through 2039, including assumptions relating to, among other items, gross and net sales of voruciclib and ME-344, research and development costs of voruciclib and ME-344, and other operating costs, taxes, and working capital associated with voruciclib and ME-344; and (d) the inputs and assumptions underlying the discount rates ranging from 10% to 14% and 30% to 35%.

28. The omission of the above-referenced information renders statements in the "Summary of Certain Infinity Unaudited Prospective Financial Information," "Summary of Certain MEI Unaudited Prospective Financial Information" and "Opinion of Infinity Financial

Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

29. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Infinity**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Infinity is liable as the issuer of these statements.

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Infinity within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Infinity and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 15, 2023     **LONG LAW, LLC**

          By: */s/ Brian D. Long*
            Brian D. Long (#4347)
            3828 Kennett Pike, Suite 208
            Wilmington, DE 19807
            Telephone: (302) 729-9100
            Email: BDLong@LongLawDE.com

            *Attorneys for Plaintiff*